| 83 | 225 |
| 114 | 561 |
| 114 | 563 |

| 83 | 225 |
| 126 | 193 |

| 83 | 225 |
| 128 | 473 |

| 83 | 225 |
| 129 | 282 |

| 83 | 225 |
| 132 | 127 |

# Curry *v.* Peebles.

*Bill in Equity in nature of Bill of Review.*

1. *Bill of review; consent decree.*—A bill of review, or an original bill in the nature of a bill of review, can only be filed by parties to the former suit, or their privies; and it will not be entertained, at their instance, to reverse and set aside a decree which was rendered by consent, unless something was inserted therein which was not consented to, or the consent was procured by fraud.

2. *Fraudulent decree; equitable relief against.*—When a decree has been procured by fraud, a party or privy to the suit may seek relief against it by an original bill in the nature of a bill of review, and, if the decree has been executed, may incorporate in his bill any matters necessary and proper to place the parties *in statu quo;* but a stranger to the former suit, being aggrieved by the fraudulent decree, must proceed by original bill to vacate it entirely as to him.

3. *Administrator and heir; no privity between.*—In respect to the real estate of a decedent, there is no privity of estate or relation between the administrator and the heir.

4. *Filing bill in double aspect; waiver of irregularity by consent decree.*—A bill which seeks to set aside a contract of sale on the ground of fraud, or, in the alternative, to enforce a vendor's lien for the unpaid purchase-money, s demurrable; but, if the objection is not taken by demurrer or otherwise, the court may grant such relief as the complainant is entitled to; and if a decree is rendered by consent, the irregularity is thereby waived.

5. *Administrator's authority over personal assets.*—An administrator has the legal title to the *choses in action* belonging to the estate, and may transfer, compound, or discharge them, as if he was the absolute owner; and though his consent to the disbursement of money, under a decree rendered by agreement in a chancery suit instituted by him, may render him liable to the heirs and distributees, it does not render the decree void, nor enable them to assail it as fraudulent.

6. *Suit for possession of land; adequate legal remedy.*—A court of equity will not, in the absence of special circumstances, entertain jurisdiction of a suit which is simply a real action to recover the possession of land, with an account of rents, or *mesne* profits, the remedy at law being adequate and complete.

7. *Removing cloud from legal title.*—A court of equity will not entertain jurisdiction of a bill to remove a cloud from the legal title to land, unless the complainant himself is in possession; nor even then, if the incumbrance or conveyance is void on its face; as where it purports to be executed under a decree which is void, or which does not authorize such deed.

APPEAL from the Chancery Court of Pickens.

Heard before the Hon. THOS. COBBS.

The bill in this case was filed on the 14th July, 1885, by the heirs of James M. Ingram, deceased, suing by D. S. Curry as their next friend, against Emory B. Peebles and

W. B. Peebles, as the heirs and personal representatives of their deceased father, William B. Peebles; and sought to review and reverse for errors apparent a decree rendered in a former cause in said court, and to set aside a sale of lands in that case, at which said Peebles became the purchaser, cancelling the conveyance to him, and compelling the defendants to account for the rents; and the bill also assailed the decree and proceedings under it on the ground of fraud. The chancellor dismissed the bill, on demurrer, and his decree is now assigned as error. The opinion states the material facts.

CALDWELL & JOHNSTON, for appellants.

STONE, WILLETT & STANSEL, contra.

CLOPTON, J.—The bill is brought by appellants, as an original bill in the nature of a bill of review. As amended, it seeks to review, for errors apparent, a decree rendered in a former suit, and also to impeach the decree for fraud; to have certain conveyances surrendered and cancelled; and to compel the defendants to account for the rents and profits of the lands in controversy. The bill substantially alleges, that the decree sought to be reviewed and impeached was rendered on a bill which was filed in March, 1869, by the personal representative of James M. Ingram, against R. M. Noland and others, in two aspects—one, to annul and set aside a sale and conveyance of the lands in controversy, made by Ingram in his life-time to Noland, on the ground of fraud and mental incapacity; and the other, if the sale and conveyance are held valid, to declare and enforce a vendor's lien for the unpaid purchase-money. Answers were filed, denying the incapacity of the grantor and the fraud, and claiming that the vendor's lien was waived. The cause was submitted for final decree, which was rendered in July, 1870. The decree, after reciting that "it appeared to the satisfaction of the court that the contract of sale is void," on account of the incompetency of Ingram to make the contract, immediately proceeds to decree, "that the sum of six thousand dollars is due on account of the purchase-money; that the lands be sold by the register, and out of the proceeds of the sale there be paid the costs of the suit and commissions for selling, one thousand dollars to the counsel of complainant and defendants, two hundred and fifty dollars to the widow

[Curry v. Peebles.]

of Ingram in lieu of dower, five hundred dollars to his widow and heirs, and the remainder to be equally divided between the complainant and defendants." The decree was rendered by the consent of the parties, as expressed on its face, and as shown by their written agreement. The register subsequently reported, that no sale of the lands was made as directed by the decree, but that Noland executed a conveyance to William B. Peebles, and that the register, by request and consent of the parties, had made and delivered to him the deed ordered by the decree to be made to the purchaser, the purchase-money found due having been paid by him, and that it had been paid out as ordered by the decree. The report of the register was confirmed, by the written consent of the parties. It is contended, that decreeing a sale of the lands, after having ascertained that the original contract of sale was void, the confirmation of the private sale to Peebles, and the distribution of the fund in the manner ordered, are errors apparent. Whether or not they are such, it is unnecessary for us to consider, unless the complainants are in a position which entitles them to have the decree reviewed.

A bill of review, or an original bill in the nature of a bill of review, can only be filed by parties or privies to the former suit, and will not be entertained, at their instance, to reverse and set aside a decree taken by consent, unless something which was not consented to has been inserted as by consent, or unless consent was procured by fraud.—2 Dan. Ch. Pl. & Pr. 1576, 1580. When a decree has been obtained by fraud, a party or privy to the suit may seek relief by an original bill in the nature of a bill of review; and if the decree has been executed, may incorporate therein any matters necessary and proper to place the parties in the same situation in which they would have been had the decree not been executed. But, if a stranger to the suit, a party not in privity of title or estate, who is aggrieved, seeks to impeach the decree for fraud in a court of equity, he must proceed by original bill, not for the purpose of reversing the decree, and having the cause retried, but to vacate it entirely as to him.—*Gordon v. Ross*, 63 Ala. 357. The complainants found their right to maintain the bill on their title and interest as the heirs of Ingram. It is well settled, that, in respect to the real estate of a decedent, there is no privity of estate or relation between the administrator and the heir. On the death of the ancestor, the title to his real estate descends and vests in the heir, subject to the statutory powers

of the personal representative, the attempted exercise of which constitutes the heir an adversary party.—*Trimble v. Farris*, 78 Ala. 260. The complainants were neither parties nor privies to the former suit, and this is the theory on which the bill is framed.

· Notwithstanding this, it is contended that complainants, having an interest in the lands, are entitled to maintain the bill, to have declared void the decree and proceedings thereunder in the former suit, the register's deed to Peebles cancelled, and to hold defendants to account for the rents and profits. The title to relief, in this aspect of the bill, is based on the allegations, that the decree was fraudulent and void, and that the deed of the register casts a cloud on the title of complainants. The first point of contention is, that when the chancellor ascertained that the contract of sale was void on account of the mental incompetency of Ingram, he was without authority to render a decree of sale for the payment of the purchase-money, thus enforcing its performance as a valid contract. Though the bill was filed in a double aspect, uniting repugnant and inconsistent alternative statements, no objection was made on this ground, by demurrer or otherwise. In such case, the court may entertain the bill, and afford relief in the alternative which entitles the party complaining to relief. The chancellor may err in the relief granted, and such error may be available on appeal; but the decree, though inconsistent with the facts found by the chancellor, is not void, and when made by consent, the error or irregularity is waived. The consent decree is valid as between the consenting parties, but does not bind nor conclude the complainants, who were not parties, and whose interests were not represented.

It is further insisted, that the register's deed to Peebles is void, because made in consequence of a sale, not under the direction of the decree, but by private arrangement between the parties. We do not understand from the register's report that he or the administrator made a private sale of the lands, but that by arrangement Noland conveyed the lands to Peebles, in consideration that he would discharge the decree, to which the administrator consented, and that the deed was made by request and consent of the parties. It may be conceded, that the deed of the register is without legal effect, conveying no title, legal or equitable. A decree declaring it void, and cancelling it, would not avail complainants, unless they also have the conveyance from Ingram to Noland va-

cated. It is also insisted that the disposition of the fund was illegal. It may be, that the administrator was unauthorized to consent to the distribution of the proceeds of sale as provided by the decree. The personal representative, having the legal title to the *choses in action* of the deceased, may transfer, discharge or compound them, as if the absolute owner. The fraudulent, collusive or improvident exercise of the power subjects him to liability to answer to the parties interested in the estate. Conceding that the disposition of the proceeds was wrongful, while such disposition may operate to fasten a personal liability on the administrator and the persons receiving the same, it does not render the decree void.

The bill alleges, that Ingram died seized and possessed in fee simple of the lands, and that on his death the title descended and vested in complainants as his only heirs at law, and that it has not been divested by any legal or equitable process. On the allegations of the bill, which the complainants are estopped to disprove or deny, they are out of possession, having the legal title to the lands. Considering the bill as an original bill brought by strangers to the former suit, and eliminating unnecessary and redundant averments, its purposes are to establish the legal title as still in the complainants, and to recover possession, and the rents during the time the lands have been withheld by Peebles and the defendants—"simply a real action for the recovery of the possession and the mesne profits." In the absence of special equity, or circumstances rendering the remedy at law inadequate, a court of equity will not entertain jurisdiction of such suits.—*Tyson v. Brown*, 64 Ala. 244.

The removal of clouds from the title to real estate is an undoubted ground of equitable interference—an intervention preventive in its nature, and protective against threatened or contemplated wrongs. When the true owner is in possession, a court of equity will intervene to set aside an outstanding conveyance, which casts a cloud on his title, or to prevent its creation, the owner having no remedy at law, to which he can resort to try the validity of his own, or of the outstanding title. But, even in such case, there is no sufficient reason for equitable interposition, when the outstanding deed is void on its face; when it furnishes intrinsic evidence of its invalidity, as when the deed, under which the adverse party claims, purports to be made by authority of a court, without which it has no legal effect, and the author-

[Patillo v. Taylor.]

izing order or decree is void, or does not confer authority to make the particular deed.—*Rea v. Longstreet*, 54 Ala. 291; *Mitchell v. Spence*, 62 Ala. 450. Had the complainants been in possession of the lands, claiming title as the heirs of Ingram, at the time the bill in the former suit was filed, or at the time the consent decree was rendered, it may be that the omission to make them parties, which is the only fact, other than the errors apparent, alleged as constituting fraud, would have been regarded as intentional for a fraudulent purpose, and they could have maintained a bill to vacate the decree, and to set aside the conveyance of Ingram to Noland as casting a cloud on their title. But the adverse claimant being in possession, the remedy at law is plain, adequate and complete.—*Peebles v. Burns*, 77 Ala. 290.

We do not wish to be understood as having considered and decided the several causes of demurrer, which go to the sufficiency of the bill as a bill of review, and as filed by proper parties.

Affirmed and remanded.