# Patillo *v.* Taylor.

*Bill in Equity by Lunatic, for Rescission of Contracts, Account, &c.*

1.   *Consent decree of reference.*—When a decretal order of reference is entered by consent, directing the register to ascertain and report whether the complainant was, as alleged, *non compos mentis* at the time he entered into the contracts sought to be avoided, the objection can not be first raised in this court, that the order of reference was unauthorized; the principle applying, *Consensus tollit errorem.*

2.   *Claim of exemption of personalty, as against decree for costs.*—When the costs are adjudged against the defendant in a chancery cause, and are declared a lien on the money decreed to be paid to him out of the proceeds of land ordered to be sold, less than $1,000; he can not complain that this violates his right to claim the money as exempt, when the record does not show that a valid claim of exemption was interposed in the court below.

APPEAL from the Chancery Court of Autauga.
Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 31st January, 1885, by Lewis L. Taylor, suing by next friend on the ground that he was *non compos mentis*, against Luther Patillo; and sought

[Patillo v. Taylor.]

to set aside a conveyance of land which he had executed to the defendant, and an account of other business transactions between them, on the ground that the defendant, knowing his mental incompetency, had defrauded him. The conveyance, a copy of which was made an exhibit to the bill, was dated July 30th, 1883, recited a consideration of $1,000 in hand paid, and conveyed about 570 acres of land; and the other transactions as to which an account was sought, and which occurred at different times during the years 1882 and 1883, consisted of alleged loans of money at usurious interest, sales of property to the complainant at exorbitant prices, and purchases from him at grossly inadequate prices. The defendant filed an answer, denying the alleged mental incapacity of the complainant; denying that he had in any manner defrauded the complainant, or taken advantage of him; and denying any indebtedness on his part, or liability to account to the complainant. After answer filed, a decretal order of reference was made by consent, which is copied in the opinion of the court. Under this order, the register reported the evidence which he had taken, and the conclusion reached by him, namely, that the complainant was, at the date of the conveyance and the other transactions between him and the defendant,, mentally incapable of understanding or attending to business. The chancellor overruled the exceptions filed to this report by the defendant, and confirmed it; and at the same term ordered another reference to the register of the matters of account between the parties. Under this reference, the register stated an account, charging the defendant with $1,524 as the value of the land, and showing a balance of $931 against him. On exceptions being filed by the defendant to this report, the chancellor re-stated the account, omitting the land, and making a balance of $579.24 in favor of the defendant; and he thereupon rendered a final decree, setting aside and vacating the conveyance of the land, and ordering the possession to be restored to the complainant; ordering the payment of $579.24 by the complainant to the defendant, declaring a lien on the land for its payment, and directing a sale for its satisfaction in the event of non-payment; and adjudging the costs against the defendant. Under this decree, the register offered the lands for sale, and they were knocked down to complainant's next friend, at the price of $600; but the register reported that he had failed to comply with the terms of sale. An execution for the costs was issued against the de-

[Patillo v. Taylor.]

fendant, and returned "No property found." At the next term, it was ordered by the court, on motion of the complainant, "that the costs decreed against the defendant in this case be, and the same are hereby, declared a lien on his interest in the decree rendered in this cause on the 19th August, 1886;" and these words are then added in the decree: "And now comes the defendant, by his counsel, and suggests that he does and will claim his exemption in said interest, as against the costs of this suit."

The appeal is sued out by the defendant, who here assigns as error—1st, the decretal order of reference; 2d, the confirmation of the register's report; 3d, the final decree on the merits; and 4th, the subsequent decree making the defendant's interest in the land or money subject to the payment of costs.

SUMTER LEA, for appellant.

BRICKELL, SEMPLE & GUNTER, contra.

STONE, C. J.—The record in this case shows that, by consent of the parties, given in open court, the chancellor made a decretal order of reference to the register, "to ascertain and report as to the mental condition of the complainant, L. L. Taylor." One of the questions submitted in this consent decretal order, was in the following language: "Was he (Taylor) competent mentally to contract and sell lands, or do business with ordinary intelligence and discretion, and understand the force and effect of the said conveyance, dated 30th of July, 1883 [his land-deed to Patillo], upon his rights and title to the land therein described, at the date or time of signing the same." This decretal order was made before any testimony had been taken.

Under this decretal order, a vast volume of testimony was taken in the form of depositions, counsel on the opposing sides filing the interrogatories and cross-interrogatories. The register reported, that "the mental condition of the complainant (Taylor), at and during the times and occasions of the transactions had between the complainant and the defendant, as stated and pleaded in the bill of complaint, was unsound; that he was not competent mentally to contract and sell lands, or do business with ordinary intelligence and discretion; that he did not understand the force and effect of his agreements and contracts,

and that he did not understand the effect of the conveyance dated 30th July, 1883, upon his rights and title to the land described in said conveyance, at the time of signing the same."

Exceptions were filed to this report by the defendant, Patillo, not on the ground that the inquiry had been improperly referred to the register, but on the alleged ground that the finding of the register was not sustained by the testimony. The chancellor overruled the exceptions, confirmed the report, and made a decree vacating the conveyance from Taylor to Patillo. In this court, for the first time, the objection is raised, that the chancellor erred in referring to the register the inquiry of Taylor's mental capacity to make a contract. The objection comes too late. Almost any question affecting property rights may be arbitrated, or submitted to irregular trial; and when once so tried and determined, if no improper conduct in the trying body be chargeable, the judgment of settlement is binding on all persons who are *sui juris*. *Consensus tollit errorem.*—*Rogers v. Prattville Manf. Co.*, 81 Ala. 483; *Winter v. City Council*, 79 Ala. 481.

It is also objected, on error, that the chancellor erred in declaring the costs adjudged against Patillo to be a lien on the sum decreed to be paid to him out of the proceeds of the land. The particular ground urged is, that this sum, being less than one thousand dollars, is protected by the exemption of personal property the law allows him to retain. We need not consider whether, under any circumstances this exemption obtains against costs incurred in the identical suit, through and by which the recovery is had, which is claimed as exempt. The record fails to show any valid claim of exemption properly interposed, and fails to show such state of facts, as would entitle Patillo to the exemption. It is not shown whether or not he had other personal property, whether or not he had made any selection, nor whether or not many other conditions of an available claim of exemption existed.—3 Brick. Dig., 491, §§ 22 *et seq.; Goodloe v. Dean*, 81 Ala. 479.

The record presents no errors of which appellant can complain.

Affirmed.