# Friedman & Loveman *v.* McAdory.

*Bill in Equity for Specific Performance of Agreement for Lease.*

1. *Premature filing of bill.*—A bill in equity to compel the specific performance of an agreement for the lease of a building, to commence at a future day on the completion of the building, is prematurely filed

before that time, notwithstanding notice by the owner that he will not comply with his agreement.

APPEAL from the City Court of Birmingham, in equity. Heard before the Hon. H. A. SHARPE.

The bill in this case was filed on the 30th of May, 1887, by the appellants, merchants and partners in trade doing business in Tuskaloosa, against Chambers McAdory; and sought to compel the specific performance of an agreement for the lease of a building, which said McAdory was erecting in Birmingham. The agreement was reduced to writing, signed by both parties, and dated August 26th, 1886; and a copy of it was made an exhibit to the bill. The agreement, after reciting that the party of the first part, McAdory, "is now preparing to erect a three-story brick house," describing it, proceeds thus: "Now, the party of the first part hereby agrees, that when said house is completed, to give the party of the second part the option of taking the said house, upon their entering into a written lease containing the following stipulations: 1st, the party of the second part is to take the house, rent to commence ten days after the completion of the house, at $250 per month, payable in advance, until October 1st, 1888, with the option of continuing the rental, at same terms, from year to year, for five years." Other stipulations are inserted, relating to the removal of fixtures, cessation or abatement of rent in case of fire, &c., after which the agreement continues: "It is further agreed, that when at any time, during the erection of said building, the party of the first part is able to name a definite time when the house will be completed, then the party of the second part is to decide whether or not they will take the house, and then enter into the contract or lease with terms named above; and if the party of the second part refuses to enter into the lease named above, then the party of the first part is not to be bound by this agreement." The building was not completed when the bill was filed, but it was alleged that the defendant had informed complainants, through their agent in Birmingham, that it would be completed by July 1st, 1887; that they at once notified him "they would accept the proposition to rent said house, and were ready to comply with all their obligations as specified in said contract;" that the defendant afterwards notified them by letter, dated April 11th, 1887, which was made an exhibit to the bill, that they could not get the house, because they had made an agree-

[Friedman & Loveman v. McAdory.]

ment to sub-rent it to a third person; and they declared their readiness and willingness to comply with all the stipulations of the contract.

The defendant demurred to the bill, on the ground (with others) that it was prematurely filed. The court overruled the demurrer, but, on final hearing on pleadings and proof, dismissed the bill; and this decree is now assigned as error.

MARTIN & McEACHIN, and R. H. PEARSON, for appellant. The bill was not prematurely filed.—*Bruce v. Tilson*, 25 N. Y. 194; *Crary v. Smith*, 2 N. Y. 63; *Brock v Hidy*, 13 Ohio St. 306; *Deichman v. Deichman*, 49 Mo. 107; *Brown v. Eaton*, 21 Minn. 409; *Evans v. Railroad Co.*, 78 Ala. 341; *Casey v. Holmes*, 10 Ala. 784.

GILLESPY & SMYER, and WARD & HEAD, *contra*, cited *Bradford v. Marbury*, 12 Ala. 520; *Thompson v. Gordon*, 72 Ala. 455.

STONE, C. J.—It is manifest that the present suit was prematurely brought, and the decree of the chancellor must be affirmed on that account. A bill for specific performance can not be maintained, until the complainant, alike by his averments and proof, shows himself entitled to have the agreement carried into effect.—*Bradford v. Marbury*, 12 Ala. 520; *Grimball v. Patton*, 70 Ala. 626, 636; *Thompson v. Gordon*, 72 Ala. 455.

We do not regard this as a ruling on the merits; and hence, if it is thought the complainant can compel the performance of the alleged agreement after the completion of the storehouse, the present ruling should not and will not prejudice his right to maintain such suit. Abstaining from any positive expression of opinion on the merits, we refer to *Linn v. McLean*, at the present term.

Affirmed.