# Bone *v.* Lansden.

*Bill in Equity to have Absolute Conveyance declared Mortgage, and cancelled as Cloud on Title.*

1. *Conveyance (or mortgage) of wife's lands, by husband and wife; husband's interest on death of wife intestate; after-acquired title of grantor.* Under a conveyance of the wife's lands by husband and wife, absolute in form, but intended only as a mortgage for the husband's debt, the interest which the husband acquires, on the subsequent death of the wife intestate (Code, § 2353), at once passes to the grantee or mortgagee, by force of the covenants of warranty; and the heirs of the wife can not, during the life of the surviving husband, maintain a bill in equity to have the instrument declared a mortgage, and cancelled as a cloud on their title.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 25th April, 1883, by H. B. Lansden and others, children and heirs of Mrs. Martha W. Lansden, deceased, against Hugh P. Bone; and sought to have a certain conveyance of land, which Mrs. Lansden and her husband had executed to the defendant, declared a mortgage only, and cancelled as a cloud on their title. The chancellor overruled a demurrer to the bill, and, on final hearing on pleadings and proof, rendered a decree for the complainants; and these decrees are here assigned as error.

CABANISS & WARD, for the appellant, cited *Chapman v. Abrams*, 61 Ala. 108; *Garland v. Watson*, 74 Ala. 323.

HUMES, WALKER, SHEFFEY & GORDON, *contra,* cited *Ryall v. Prince*, 71 Ala. 66; *Boyleston v. Farrior*, 64 Ala. 564; *Weil v. Pope*, 53 Ala. 585; *Williams, Birnie & Co. v. Bass*, 57 Ala. 487.

STONE, C. J.—The bill charges that Martha W. Lansden was the wife of A. D. Lansden; that she, during the coverture, owned and possessed the lands in controversy in her own right, her statutory separate estate; that during the coverture she and her husband conveyed the lands to Bone,

[Bone v. Lansden.]

appellant, by absolute deed with covenants of warranty; that said deed, though absolute in form, was intended and agreed to be only a mortgage security for a debt of the husband, A. D. Lansden, the amount of which it states, and which is much less than one half of the recited consideration in the deed; that Bone acquired possession of the lands, and retained them several years, receiving the rents and profits; and that Martha W., the wife of A. D. Lansden, had died, leaving her husband surviving her.

The present bill was filed in the name of four persons as complainants, describing themselves as children of Martha W. Lansden, three of them being minors, and suing by A. D. Lansden, their father, as next friend. The eldest of the four dying, the suit was revived in the name of his father, A. D. Lansden, as his administrator. Complainants claim only as heirs of the said Martha W., their mother. Bone is sole defendant. The bill does not aver that the mortgage debt had been paid, does not offer to pay the amount due, and does not seek to redeem the lands from under the mortgage. Its *gravamen* and purpose are to have the deed declared a mortgage, and as such decreed to be void, because a married woman can not make a valid mortgage of her statutory separate estate, to secure the debt of her husband.—3 Brick. Dig. 553, § 153. The prayer of the bill is to have the deed declared a mortgage, and as such decreed to be removed and cancelled as a cloud on complainants' title.

There was an answer to the bill, accompanied with a demurrer, assigning, among others, the following ground: "3. Said bill shows that said Abner D. Lansden became entitled to the use of said land during his life; that said conveyance to respondent, of date Nov. 1, 1870, if a mortgage, is a valid mortgage of said interest of said Abner D. in said lands; and complainants neither allege payment of the mortgage debt, nor offer to pay what may be due respondent on it." The chancellor overruled the demurrer, and his ruling is assigned as error.

The complainants, as we have seen, claim as heirs, not as devisees of their mother, and there is no evidence or pretense that she left a will. Her husband survived her, and yet lives. On her death, intestate, he became the owner for his life of her real estate, the same being her separate property by force of the statute.—Code of 1876, § 2714; Code of 1886, § 2353. And uniting with her in the conveyance to Bone, with covenants of warranty as to title, both express

and implied, whatever title vested in him on the death of his wife intestate, passed immediately under his conveyance to Bone, which was valid as to him.—*Chapman v. Abrams,* 61 Ala. 108. The demurrer to the bill ought to have been sustained.

Framed as the present bill is, and complainants showing no right or title on which to found their claim to the relief they seek, the bill is without equity.—*Friedman v. McAdory,* 85 Ala. 61; *Garland v. Watson,* 74 Ala. 323; *Kelly v. Longshore,* 78 Ala. 203.

The chancellor reformed the deed, declaring it to be only a mortgage security. If this question had been properly before him, it is probable he did not err in this. Bone's letter to Houston Lansden, and the corroborating testimony, probably justified this conclusion.—3 Brick. Dig. 358. So, if complainants had waited until their title accrues, possibly chancery would decree them relief.—*Williams v. Bass,* 57 Ala. 487; *Boyleston v. Farrior,* 64 Ala. 564; *Ryall v. Prince,* 71 Ala. 66.

And, on a bill with proper averments, they might obtain an order to take, and thus perpetuate their testimony. In their present bill, they neither show that they have available testimony, nor express any desire to have it perpetuated. Chancery does not grant relief, in the absence of appropriate averments.—2 Dan. Ch. Prac. 1572, *et seq.,* and notes.

It is also possible that, on a proper application by some proceeding, as he may be advised, Bone is entitled to have his mortgage foreclosed, to the extent of A. D. Lansden's life-estate in the lands. It can not be granted, however, without pleadings raising the question; and there are none in the present record.—*Shelby v. Tardy,* 84 Ala. 327. This question, however, is not assigned as error, and can not be assigned by Bone, the appellant.—*Patillo v. Taylor,* 83 Ala. 230.

Reversed and remanded.