[Cowley v. Farrow, et al.]

# Cowley *v.* Farrow, *et al.*

## *Bill to Cancel Mortgage.*

(Decided April 8, 1915. Rehearing denied May 20, 1915.
69 South. 114.)

*Judgment; Conclusiveness; Consent Decree.*—Complainant denied the validity of certain mortgages because given as surety for her husband's debts, and bill was filed to foreclose two of the mortgages, whereupon all the parties entered into an agreement by which the respondent advanced the amount of the other mortgages, and had them assigned to him, and complainant agreed that she was indebted to respondent on account of the sum advanced as well as on the previous mortgages, and that a decree of foreclosure should be entered. Such a decree was duly entered and apparently as part of the settlement of the litigation, a new mortgage for the full amount of the indebtedness was executed by complainant to the respondent in this suit. Held, that since no fraud or undue influence appeared in the procurement of the agreement or decree, they estopped complainant from going behind them and attacking the last mortgage on the ground that she was merely a surety for her husband.

APPEAL from Marshall Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Margaret M. Cowley, against Thomas L. Farrow and others, to cancel a mortgage given on her property because given to secure the debts of her husband. Decree for respondents and complainant appeals. Affirmed.

W. H. NORWOOD, and MILO MOODY, for appellant.

JOHN A. LUSK & SON, for appellee.

SAYRE, J.—The bill in this cause was filed by appellant, a married woman, seeking the cancellation of a mortgage on her property held by the appellee on the ground that it had been given to secure a debt contracted for the exclusive use and benefit of her hus-

band; she becoming a mere surety. The mortgage in question had its origin in these circumstances: Hugh Boyd and J. H. Hurt held two separate and distinct mortgages on appellant's property. Hurt had acquired his mortgage by assignment from Boyd, and Boyd had purchased another mortgage, which had been made to Carrie Gross. Hurt was proceeding to foreclose the original Boyd mortgage by sale under the usual power when Farrow, who held a mortgage junior to both the others, filed his bill seeking to redeem against the prior incumbrance and for foreclosure against appellant and her husband, who had joined in all these conveyances It will suffice for present purposes to note further that, in her answer and cross-bill, appellant denied the validity of all these mortgages on the ground that she had executed them as surety for the debts of her husband. Thereupon the parties to that cause entered into an agreement by which appellee undertook to advance the sum of $2,025 to relieve the pressure of the mortgages held by Hurt and Boyd, which were to be transferred and assigned to appellee, and this was accordingly done. In a supplemental agreement between appellant and appellee it was agreed by appellant that she was indebted to appellee on account of the sum advanced as aforesaid, and as well the mortgage she had previously made to appellee directly, the two indebtedness summing up $4,024.18, and that all said mortgages should be foreclosed for the benefit of appellee. It was thereupon decreed by the court on consideration of the pleading and the agreements of the parties, that: "Said mortgages, as mentioned and described in the bill, cross-bills, and answers, be and they are hereby foreclosed on the lands mentioned and described in said bill and cross-bills and answers herein

for said amount of $4,094.08, which by agreement of the parties includes all costs herein."

This was the full extent of the relief decreed. As a part of this settlement of that litigation, evidently, appellant gave to appellee the mortgage against which she seeks relief in the present bill, reciting an indebtedness in the sum of $4,094.08, evidenced by promissory notes payable in one, two, three, four, and five years, some of them not yet due.

Appellant's testimony, taken in this cause, tended to sustain her contention that all the debts secured by these mortgages were the debts of her husband, for which she was surety only. Appellee relied upon the agreements and the decree which have been stated above.

Appellant relies upon *Carr v. Illinois Central R. R. Co.*, 180 Ala. 159, 60 South. 277, 43 L. R. A. (N. S.) 634, in support of her proposition that the decree entered in the former suit is not res judicata of her claim in this. Strictly speaking, it is not, for that decree is and purports to be a decree by consent of the parties. No disputed issues of fact were submitted to the court for its determination, and none were judicially determined.—Freeman on Judgments, § 253. Had the decree purported to be a judicial determination of contested issues, it would have imported absolute verity in its findings, and would have been immune against attack, except for such fraud as deprived it of rightful character as the judicially ascertained result of an adversary proceeding, or, to use the more frequently adopted phraseology of the authorities, for fraud in its concoction.—*Alder v. Van Kirk Land Co.*, 114 Ala. 551, 21 South. 490, 62 Am St. Rep. 133. The decree here in question, as appears upon its face, was based entirely upon a agree-

ment of the parties. It was a decree, however, and though to some extent it may be deemed to partake of the character of an act of the parties, and hence not strictly res judicata (the point to which the authorities were cited in *Carr v. Illinois Central R. R. Co.*), still it was such an act, to use the language of Judge Freeman, that it must be "regarded as in the nature of a contract or binding obligation between the parties thereto, which neither, in absence of fraud or mistake, has the right to set aside or disregard, and which as against each is a waiver of errors and irregularities."—Freeman on Judgments, § 330. Decrees by consent and decrees after argument are identical in this respect; they are open to direct attack only; and the causes of their invalidity must be specifically stated.

In *Alder v. Van Kirk Land Co., supra,* Chief Justice Brickell said of a bill seeking to impeach a consent decree for fraud: "To give equity to such a bill it must be clearly shown that the decree, or the consent upon which it was based, was procured by fraud; that the fraud was practiced in the act of obtaining the decree or the consent therefor."

In short, a consent decree may be assailed through the consent upon which it is based. This is the principle that was applied in *Carr v. Illinois Central R. R. Co. supra.* In that case an administrator, by virtue of his fraudulently procured appointment, had operated upon his adversary to get a judgment, and it was held that the judgment so obtained was not conclusive as res judicata, nor as a contract, because it remained executory, but was open to direct attack for the fraud in obtaining the consent.

Th doctrine of *Carr v. Illinois Central R. R. Co.,* it will be seen, is of no avail to appellant. As for any-

[Cowley v. Farrow, et al.]

thing appearing in the pleading or proof in the present case, the decree in the former litigation, and the agreement in pursuance of which appellee advanced a large sum of money for the relief of prior mortgages and took the mortgages in controversy, furnish ample grounds for estoppel, whether by way of bona fide and unconstrained contract in which appellant entered for the settlement of disputed claims, or by way of the decree in which that contract resulted. No fraud or undue influence in the procurement of the agreement or decree is averred or proved. Appellant's reliance now, as it was until this agreement was reached, is upon the bare fact that she was a mere surety for her husband, and on this ground alone she seeks to have the court go behind the agreement and the decree. But, as for anything to the contrary appearing, she has fairly, freely, and advisedly bargained away her alleged defense, as she was competent to do.—*Walker v. Nicrosi,* 135 Ala. 353, 33 South. 161, and cases cite to the majority opinion. She is now estopped to assume, to the prejudice of her adversary, a position inconsistent with that she then took in order to dispose of the then pending suit. —*Brown v. French,* 159 Ala. 645, 49 South. 255.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.