## NABORS et al. v. TEXAS CO.
### No. 779.

District Court, W. D. Louisiana, Shreveport Division.

Feb. 19, 1940.

Geo. A. Wilson, of New Orleans, La., R. C. Gamble, of Mansfield, La., and Eugene A. Nabors, of New Orleans, La., for plaintiffs.

Chas. H. Blish and J. H. Jackson, both of Shreveport, La., for defendant.

DAWKINS, District Judge.

Plaintiffs' suit is for the annulment of certain mineral leases and for damages for

failure to timely and adequately develop the property.

Defendant has filed what is styled a "motion to allow judgment to be taken against it" as to certain parcels of the lands involved. The prayer of the motion is that " * * * this is its offer to allow judgment to be taken against it to the effect specified hereinabove, together with costs accrued, be filed and served upon complainants, such offer to serve and avail in accordance with Rule 68 of the Federal Rules of Civil Procedure [28 U.S.C.A. following section 723c]." Plaintiffs have moved to strike said motion from the record on the ground that the Rules of Civil Procedure require the serving of an "offer of judgment with a ten day period for consideration of said offer, and if accepted, then the offer and acceptance are to be filed"; that this authorizes the clerk to enter judgment therein, but if rejected "it has no effect unless the offeree recovers less than that offered", in which event the latter must pay the costs from the date of offering; and, since plaintiffs have not accepted to said offer, the "motion offering judgment is a worthless proceeding." The rest of plaintiffs' motion is largely an argument in support of its contention. No briefs have been filed by either side. The matter was submitted along with a large number of other motions during a busy term of court and could not be reached because of the volume of business and recent illness of the Judge.

The court has been unable to find any decision construing this rule, but the language seems to intend that the parties wishing to offer judgment shall do so by "serving notice, upon the adverse party." Rule 5 prescribes the modes of service and Subsection (b) thereof authorizes it to be made "upon the attorney", unless the court directs otherwise, by mail, by handing it to him, or leaving it in his office, etc. Rule 68 says that if accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and the clerk shall enter judgment. If the offer is not accepted, "it shall be deemed withdrawn and evidence thereof is not admissible". The purpose, of course, as expressed in the last sentence of Rule 68, is to fix responsibility for costs thereafter. If it had been intended that the party offering judgment should file it as defendant has done in this case and that service should be made by the officers of the court, then it and the return would become parts of the record and there would be no need for either party to "file" or make proof of service. I believe it was contemplated that the party making the offer should serve it as provided by Rule 5 (b), and if his adversary "serves written notice" of acceptance, it should then be filed; but if unaccepted, all that the offeror need do is to make proof of it at the proper time and save himself in the matter of costs if the recovery does not exceed what was tendered.

The pleading filed as an offer of judgment in the record should therefore be stricken, reserving to defendant the right to make proof thereof at the proper time.

Proper decree should be presented.