**MR. HANGER, INC., Plaintiff,**

v.

**CUT RATE PLASTIC HANGERS, INC., et al., Defendants.**

**No. 72 C 419.**

United States District Court, E. D. New York.

Aug. 14, 1974.

Kirschstein, Kirschstein, Ottinger & Frank, P. C., New York City, for plaintiff by Bertram Frank, New York City, of counsel.

Bauer & Amer., P. C., Mineola, N. Y., for defendant by Myron Amer., Mineola, N. Y., of counsel.

RE, Judge: *

This is a post-trial motion brought by the defendants pursuant to the provisions of Rule 68 of the Federal Rules of Civil Procedure, "Offer of Judgment." Specifically, defendants move to compel plaintiff to pay the costs incurred by them in defending plaintiff's unsuccessful patent infringement suit.

Plaintiff, a manufacturer of garment hangers, commenced this action in March of 1972, alleging infringement of the patented design of its garment hanger intended to support and display plastic waisted garments. In August of that year, pursuant to Rule 68, defendants tendered an offer judgment in which they offered the sum of Twenty-five Dollars ($25.00), and served notice that their hanger product, which was alleged to be an infringement, would no longer have the lateral portions or "feet" at the bottom of the leg structures around which the waist of the garment was wrapped. These lateral portions or "feet" admittedly constituted the crux of the alleged infringement. At the pre-trial hearing and during the trial, plaintiff limited its claimed improvement or

* Judge, U. S. Customs Court, Sitting by designation.

invention solely to the lateral "feet" which the defendants agreed to eliminate in their offer of judgment. Defendants' offer was not accepted, and the case proceeded to trial.

After a trial, and a close examination of the suit patent, this court concluded that the suit patent was invalid. Mr. Hanger, Inc. v. Cut Rate Plastic Hangers, Inc., 372 F.Supp. 88, 92 (E.D.N.Y. 1974). It was the court's opinion that one in the hanger art, with access to prior drawings, would require no more than ordinary skill in arriving at the combination of elements recited in plaintiff's patent. Hence, the suit patent on the claimed invention failed because of obviousness.

In their post-trial brief, submitted prior to the decision of the case, defendants argued that they should have been awarded attorneys' fees and costs. The court, in its decision of the merits of the case, held that the case was not "exceptional" and therefore did not warrant the award of attorneys' fees. 35 U.S.C. § 285 (1952). Likewise, under the discretion permitted by Rule 54(d), the court did not feel that costs should be allowed. Consequently, the court awarded neither attorneys' fees nor costs.

In the present motion, made subsequent to the decision of the case, defendants contend that Rule 68 requires that plaintiff pay the costs incurred by them subsequent to the date of their offer, in preparation for the trial.

Rule 68 permits a party defending against a claim, at any time more than 10 days prior to the beginning of the trial, to serve upon the adverse party an offer to have judgment taken against him for the money, property, or effect so specified in his offer along with costs incurred. If, within 10 days by written notice, the offer is accepted, either party may then file both the offer and notice of acceptance, and judgment will be entered by the clerk. If the offer is not accepted, it is deemed withdrawn, and evidence of the offer of judgment is not admissible except in a proceeding to determine costs. Rule 68, however, also provides that "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree *must pay the costs* incurred after the making of the offer." (Emphasis added.) The question presented pertains to the meaning and application of the foregoing provision.

The defendants emphasize that had plaintiff accepted their offer of judgment, both parties and the court would have been saved considerable effort and expense, and that the very purpose of Rule 68 is to encourage such settlements. Since their offer was in good faith, and plaintiff failed to obtain a more favorable judgment, defendants maintain that plaintiff should be made to pay the costs incurred after the making of the offer. They suggest that the mandatory language of the rule leaves the court no discretion to rule otherwise.

Plaintiff strongly contests this view, and contends that the awarding of costs is always a matter to be determined in the sound discretion of the court. Furthermore, plaintiff contends that the offer itself was little more than a "tactical sham" in that it was unreasonable, and not made in good faith.

It must be stated at the outset that the present motion is not made under Rule 54(d). In pertinent portion, Rule 54(d) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs * * *." There is no question of the discretionary nature of the awarding or denial of costs under Rule 54(d). In the case at bar, however, the court, in the exercise of its discretion, denied plaintiff what would otherwise have been "allowed as of course to the prevailing party." 372 F.Supp. at 95. Plaintiff's reliance upon Rule 54(d), for the discretionary nature of costs, is therefore misplaced since the

present motion is predicated upon the provisions of Rule 68. Indeed, Rule 54(d) commences by stating "[e]xcept when express provision therefor is made either in a statute of the United States or *in these rules* * * *." (Emphasis added.)

■■ If costs are to be imposed pursuant to the provisions of Rule 68 a preliminary finding is required that an appropriate offer of judgment has been made in compliance with that rule. The court cannot agree with plaintiff's assertion that defendants' offer of judgment was a sham and in bad faith, and finds that the offer duly complied with the requirements of the rule.

The offer of Twenty-five Dollars constituted an acknowledgment of plaintiff's rights and an admission of the infringement. Furthermore, defendants' promise to desist in the infringing practice was valuable consideration, and afforded the plaintiff substantially the relief prayed for in its complaint.

Having found that the offer complied with Rule 68, the court must determine if it possesses discretion to award defendants the costs incurred after the making of their offer. The actual amount has been agreed upon by the parties.

Rule 68 adopts the salutary policy embodied in the codes of some of the states. See e. g., Cal.Code of Civ.P. § 998 (West Supp.1974); Conn.Gen.Stat. Ann. § 52–193 to 52–195 (1973); Mich. Stat.Ann.Gen.Ct.R. 519.1 (1964); N.Y. CPLR 3221 (McKinney 1970). Consequently, it would seem clear that, if a defendant were to make an offer of judgment, a purpose of the rule is "to save him costs from the time of that offer if the plaintiff ultimately obtains a judgment less than the sum offered." Report of the Proposed Amendments to Rules of Civ.Proc. for the Dist.Cts. of the U.S., 5 F.R.D. 433, 483 note (1946).

■■ Although there is no case directly in point, the express language of the rule, and certain pertinent cases, leave no doubt that costs must be awarded once a proper offer of judgment has been made. It cannot be questioned that the rule itself is couched in mandatory terms, and that it is designed to induce or influence a party to settle litigation and obviate the necessity of a trial.

In Nabors v. Texas Co., 32 F.Supp. 91 (W.D.La.1940), which dealt with the manner of service of the offer of judgment, the court noted that the purpose of Rule 68 is to fix responsibility for costs after the making of the offer. Id. at 92. The court also observed that if the offer of judgment is not accepted, "all that the offeror need do is to make proof of it at the proper time and save himself in the matter of costs if the recovery does not exceed what was tendered." *Ibid.*

The later case of Staffend v. Lake Central Airlines, Inc., 47 F.R.D. 218, 219–220 (N.D.Ohio 1969), dealt with the 10 day period for the acceptance of the offer. In refusing to extend the 10 day period within which the offer of judgment must be accepted, since to do so "would undermine the purpose of Rule 68," the court stated:

> "Rule 68 is intended to encourage early settlements of litigation. It is also intended to protect the party who is willing to settle from the burden of costs which subsequently accrue. The provision in the rule which imposes costs upon a party who refuses an Offer of Judgment and who later recovers no more than the offer also puts teeth in the rule and makes it effective by encouraging acceptance."

The court in the *Staffend* case also stated that if it were to extend the 10 day period within which to accept the offer, "the sanction provided by Rule 68 would be negated."

There have been several cases where the courts, in deciding whether to allow defendants costs under Rule 54(d), have specifically pointed out that costs could have been avoided by taking advantage

of Rule 68. See e. g., Truth Seeker Co., Inc. v. Durning, 147 F.2d 54, 56 (2d Cir. 1945); Federal Deposit Ins. Corp. v. Fruit Growers Service Co., 2 F.R.D. 131, 132 (E.D.Wash.1941). See also "The Federal Rules of Civil Procedure," 25 Va.L.Rev. 261, 304 (1939).

The language of Rule 68 expressly states that "the offeree *must* pay the costs incurred after the making of the offer." (Emphasis added.) Even apart from the explicit language of the rule, sound judicial policy warrants construing it in a manner that would encourage litigants to take advantage of its provisions and avoid its sanction.

■ In view of the foregoing, defendants' motion is granted, and plaintiff is ordered to reimburse defendants the costs incurred by them after the making of their offer of judgment.

The parties have agreed upon the sum of One Thousand Dollars ($1,000.00) as the total reimbursable costs. Plaintiff is hereby ordered to make payment within 15 days from the date of this memorandum opinion and order.