353 So.2d 794 (1978)
In re Larry D. CORLEY
v.
Lee EPPERSON, etc., et al.
Ex parte Larry D. Corley.
SC 2807.
Supreme Court of Alabama.
January 6, 1978.
*795 Jack R. Evans, Tuscaloosa, for petitioner.
William J. Donald, Tuscaloosa, for Zeanah, Donald & Hust.
SHORES, Justice.
This is a mandamus action which seeks to compel the circuit clerk and circuit judge to enter a judgment pursuant to an offer of judgment made by one of the defendants and accepted by the plaintiff under Rule 68, ARCP.
Petitioner Corley had filed suit against the estate of Billy Jack Mullenix and had joined Mullenix's alleged employer, Lee Epperson, as a defendant.
The administrator of Mullenix's estate had made two prior offers of judgment to plaintiff Corley which were accepted; and defendant Epperson moved to strike each of these two prior offers of judgment and his motions were granted.
The third offer of judgment which is the basis of this mandamus proceeding was filed by the administratrix (the administrator had resigned) of Mullenix's estate, after she had made a demand on Epperson's insurer to defend the estate and pay the policy limits to Corley. Epperson's motion to strike the offer of judgment made by the estate was again granted.
Petitioner Corley contends that he is entitled to have the trial judge and circuit clerk enter a judgment in his favor pursuant to Rule 68, ARCP. We cannot agree.
Rule 68, ARCP, provides:
"At any time more than 15 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer, the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has *796 been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time, not less than 10 days, prior to the commencement of hearings to determine the amount or extent of liability."
There are very few reported decisions concerning offers of judgment where, in an action involving multiple defendants, fewer than all offer judgment in favor of the plaintiff. We think the better rule in this situation is to leave to the trial court discretion to delay entry of judgment in favor of the plaintiff and against fewer than all defendants until final disposition of the cause.
Rule 68, ARCP, should be read in context with other rules. Rule 54(b) provides:
"Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis Supplied)
Rule 54(b) has most often been construed in default situations and most courts hold that ". . . when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted. . . ."
Wright & Miller, Federal Practice and Procedure: Civil § 2690.
Although offers of judgment made under Rule 68 and default judgments dealt with in Rule 55 are not analogous in all respects, the language of both rules is identical in providing that "the clerk shall enter judgment" when the events addressed in these two rules occur. However, the performance of this clerical function, although mandated by the rules under specified circumstances, does not usurp the trial court's discretion to withhold entry of judgment when there is just reason for delaying such entry.
Historically, only the trial judge was authorized to enter judgments, by default or otherwise. Rules 55 and 68 were designed to allow entry of judgment by the clerk in limited situations; but these rules were not intended in any way to diminish the authority or discretion of the trial court to effectuate the final resolution of litigation.
We simply hold that the petitioner cannot compel, by writ of mandamus at this time, the entry of judgment under Rule 68. Absent fraud or sham, which the trial court clearly may inquire into, the judgment based upon the offer should be entered in petitioner's favor at the conclusion of this litigation.
WRIT DENIED.
TORBERT, C. J., and JONES, ALMON, EMBRY and BEATTY, JJ., concur.
BLOODWORTH, MADDOX and FAULKNER, JJ., dissent.
MADDOX, Justice (dissenting).
The primary purpose of Rule 68 is to encourage early settlements of litigation. It is also intended to protect the party who is willing to settle from the burden of costs which subsequently accrue.
Even apart from the explicit language of the rule, sound judicial policy should require *797 us to construe Rule 68 in a manner that would encourage litigants to take advantage of its provisions and avoid its sanctions. Mr. Hanger, Inc. v. Cut Rate Plastic Hangers, Inc., 63 F.R.D. 607 (E.D. N.Y. 1974); See, also, 7 Moore's Federal Practice, §§ 68.01-68.06 (2d Ed. 1975).
Before the lawsuit was filed the parties could have settled their differences without court intervention. The plaintiff could have sued Mullenix's estate separately, and not joined the alleged master.
I have found no authority which would prohibit an agent who is sued along with his alleged master from making an offer of judgment severally. The rule in Alabama is that if the joint liability results not from joint participation in the wrongful act, but because one is responsible for the wrong done by the other under the rule of respondeat superior, the suit may be joint or several, but a judgment exonerating the servant will relieve the master. Griffin v. Bozeman, 234 Ala. 136, 173 So. 857 (1937). Neither did I find any authority which would support the theory that a master, not a party to the offer of judgment and acceptance, can question the good faith of the offer of judgment and acceptance. I did find one federal case which held that when an offer of judgment has been made and not accepted (the offer was accepted in the case here on appeal) and the question of imposing the sanctions under Rule 68 are the issue, the trial judge may determine whether the offer was a sham or made in bad faith as between offeror and offeree. Mr. Hanger, Inc. v. Cut Rate Plastic Hangers, supra. The situation which existed in Mr. Hanger does not exist here because in this case, a third party is questioning the right of these two parties to contract separately.
I do not question the power of a court, under Rule 68, to inquire into the good faith of an offer of judgment when there has not been an acceptance, and the party who made the offer is seeking to impose the sanctions set out in Rule 68. Neither do I question the right of a party to the offer of judgment and acceptance to raise the question of fraud. I do question the power of the court to refuse to enter a judgment pursuant to an offer and acceptance under Rule 68, when neither party to the agreement is seeking to question it. By holding to the contrary, I think the majority construes Rule 68 contrary to the intent of Rule 68 and contrary to prior opinions of this Court dealing with consent judgments.
In State ex rel. Carmichael v. Jones, 252 Ala. 479, 486, 41 So.2d 280, 286 (1949), the circuit court had refused to enter a consent judgment, the terms of which had been agreed upon by the respective litigants. In granting a writ of mandamus directing the court to enter the judgment as agreed upon, this Court wrote:
"Whatever may be the holdings elsewhere, this court has long been committed to the principle that the act of rendering a consent judgment, lawfully agreed upon between parties, sui juris, and within the jurisdiction of the court, is ministerial and not judicial as these terms are considered in that connection. Mudd v. Lanier, 247 Ala. 363, 24 So.2d 550(4); Cowley v. Farrow, 193 Ala. 381, 383, 69 So. 114; Carr v. Illinois Central R. Co., 180 Ala. 159, 166, 60 So. 277, 43 L.R.A., N.S., 634."
I would award the writ of mandamus.
BLOODWORTH and FAULKNER, JJ., concur.