SHORES, Justice.
This cause concerns an offer of judgment under Rule 68, A.R.Civ.P., in a breach of eontract/fraud case. The trial judge allowed the amendment of an offer of judgment, because of mistake. We affirm.
On August 26, 1994, Auburn Engineers, Inc., filed a complaint against Downtown Properties # 1, an Alabama general partnership; Howard Porter, Jr.; and Porter and Associates, Inc., alleging breach of contract, fraud, and conversion. In August 1995, counsel for these defendants made an offer by telephone to counsel for plaintiff to settle all claims for $70,000. The plaintiff rejected that offer, and counsel for defendants then served plaintiff with a written offer of judgment, dated August 30, 1995, on behalf of Downtown Properties # 1 for $70,000.
On September 5, 1995, counsel for the plaintiff telephoned counsel for the defendants with a counteroffer. While discussing the case, counsel for the defendants discovered an error in the written offer of judgment — the error was that the offer of judgment referred only to Downtown Properties and not to the other two defendants. Counsel for the defendants immediately informed counsel for the plaintiff that the offer contained a mistake and that it was revoked, explaining that the written offer had been intended to reflect the earlier oral offer wherein all three defendants had offered to settle all claims for $70,000. Counsel for the defendants immediately sent a letter and an amended offer of judgment to counsel for the plaintiff by facsimile transmission, informing him that the August 30 offer was revoked. He also notified the clerk of court by facsimile transmission that the offer of judgment contained an error and that it had been revoked and replaced with an amended offer of judgment.
On September 8, 1995, counsel for the plaintiff filed a notice of acceptance as to the amended offer of judgment of September 5 and also a notice of acceptance as to the original offer of judgment of August 30. The defendants filed an objection to the entry of a judgment on the original offer, stating that they had revoked that offer when the mistake was discovered.
The trial judge held a hearing and ruled that the original offer of judgment had been withdrawn before it was accepted and that the plaintiffs attempt to accept the original offer was invalid. The order read:
“One of the defendants in this case made an offer of judgment to the attorney for the plaintiff. Prior to the acceptance of the offer of judgment by the plaintiff the attorney for the defendants] [Downtown Properties] notified the plaintiff that the offer of judgment was in error in that not all defendants would be discharged by the offer of judgment. The date of the offer of judgment was August 30, 1995. The date of acceptance of the offer of judgment was September 8, 1995. The defendants] [after August 30, 1995,] amended the offer of judgment or made an additional offer of judgment by which all defendants would be discharged by acceptance of the same amount. The amended offer of judgment was made prior to the acceptance of the first offer of judgment. The amended offer of judgment was dated September 5, 1995.
“On this day came the attorneys for both parties and the Court heard the question of the objection of the defendants] to the acceptance of the first offer of judgment. Upon hearing the matters presented IT IS THE ORDER AND JUDGMENT OF THE COURT that the first offer of judgment was not accepted by the plaintiff before the offer was withdrawn and the Court finds that such offer was not outstanding at the time [the plaintiff filed its notice of acceptance]. Accordingly, there is no acceptance of the first offer of judgment in this case.... ”
The plaintiff appealed from that order.
The plaintiff contends that a defendant making an offer of judgment under Rule 68, A.R.Civ.P., may not withdraw, revoke, or amend that offer before the expiration of 10 *417 days after service on the opposing party. This contention overlooks a settled principle of contract law that offers may be revoked before acceptance. T.M. Cobb Co. v. Superior Court, 682 P.2d 338, 341 (1984). Rule 68 is silent on the question of revocation, but it is presumed that if the drafters of the Rule had intended for the law under Rule 68 to differ from the established law of contract, they would have made an express provision concerning revocation.
There is no Alabama case directly on point; however, Corley v. Epperson, 353 So.2d 794 (Ala.1978), discusses Rule 68 in the context of the other Alabama Rules of Civil Procedure. In Corley the plaintiff sought a writ of mandamus ordering the trial judge and circuit clerk to enter a judgment pursuant to an offer of judgment made under Rule 68 by one of the defendants and accepted by the plaintiff. This Court concluded that because the action involved multiple defendants and the offer of judgment was made by fewer than all defendants, the better rule was to leave to the trial court the discretion to delay an entry of judgment on the offer until the final disposition of the cause. We stated that Rule 68 should be read in context with other rules. Reading Rule 68 in context with Rule 54(b), which provides that the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties, we denied the writ of mandamus. 353 So.2d at 796.
Rule 60, A.R.Civ.P., authorizes a trial court to correct clerical mistakes in judgments and to relieve a party from the operation of a judgment because of mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief. Rule 68, read in conjunction with Rule 60, clearly provides authority for a trial judge to correct clerical mistakes in offers of judgment.
In Corley v. Epperson this Court also stated that a trial court clearly may inquire into questions of fraud or sham. In the present ease, the plaintiff filed a notice of acceptance as to both the original offer of judgment and as to the amended offer of judgment, with the full knowledge that the amended offer was not intended to create a new or additional offer of $70,000, but rather was intended to correct a mistake in the original offer. To enforce the first offer as well as the amended offer, under such circumstances, would be unconscionable.
Cases from other jurisdictions are instructive, although there is a split in authority. The United States Court of Appeals for the Sixth Circuit dealt with a serious mistake in the ease of Whitaker v. Associated Credit Services, Inc., 946 F.2d 1222 (6th Cir.1991). There, counsel for the defendant had the authority to make an offer of judgment for $500. However, the first draft of the offer contained a typographical error, showing the amount of the offer to be $500,000. The plaintiffs accepted the offer and the clerk of the district court entered a judgment for $500,000. Counsel for the defendant filed a motion to set aside the judgment under Rule 60(a) and (b), F.R.Civ.P. The district court set aside the judgment and substituted the $500 offer for the original offer. The Court of Appeals affirmed, stating that “[a] valid offer and [an] acceptance [require] a mutual manifestation of assent, a meeting of the minds as to the terms of the contract.” 946 F.2d at 1226. The Court of Appeals found no meeting of the minds in that case.
Even in jurisdictions where offers of judgment are deemed irrevocable during the 10-day acceptance period, courts have invoked their equity jurisdiction to grant relief in the ease of a mistake. In Fisher v. Stolaruk Corp., 110 F.R.D. 74 (E.D.Mich.1986), the parties had a misunderstanding as to whether attorney fees were included in the offer. The defendant attempted to revoke the offer, but the plaintiff accepted the original offer within the 10-day period. The court held that the original offer was irrevocable during the 10-day period, but exercised its equitable powers to rescind the offer, because of the mistake. Id.
For the reasons stated above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
MADDOX, KENNEDY, and COOK, JJ., concur.
HOOPER, C.J., concurs in the result.