**Carolyn L. CARR, Charles E. Carr, Carl E. Carr, Russell Fogel, Mario D. Reynolds, Betty Jones, Darla J. Owens, and Anthony M. Flournoy, Plaintiffs,**

v.

**SUPER 8 MOTEL DEVELOPERS, INC., and Easter Lodging, Inc., Defendants.**

Civil Action No. 2:96cv739.

United States District Court, E.D. Virginia, Norfolk Division.

May 15, 1997.

---

## MEMORANDUM OPINION AND ORDER

JACKSON, District Judge.

### INTRODUCTION

■ This matter is before the Court on defendants' motion for attorneys' fees and costs pursuant to Rule 68 of the Federal Rules of Civil Procedure and 42 U.S.C. § 1988.[1] For the following reasons, the motion for attorneys' fees and costs is hereby **DENIED.**[2]

1. Defendants moved for attorneys' fees and costs solely pursuant to Rule 68. However, as discussed *infra*, Rule 68 is inapplicable to the case at bar. Accordingly, this motion is reviewed under the standard for awarding attorneys' fees to prevailing parties outlined in 42 U.S.C. § 1988.

2. On April 18, 1997, several plaintiffs filed a notice of appeal. Because a notice of appeal ordinarily divests a district court of jurisdiction over a case, the issue of jurisdiction over the pending motion for attorneys' fees and costs must be addressed.

In *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), the Supreme Court held that a motion for attorneys' fees under § 1988 is not to be considered a Rule 59(e) motion to alter or amend the judgment. *Id.* at 454, 102 S.Ct. at 1168. Thus, the 10–day timeliness standard under Rule 59(e) was inapplicable to a motion for fees under § 1988. The Court reasoned that Rule 59(e) usually is invoked to support reconsideration of matters properly encompassed in a decision on the merits, in contrast to a § 1988 motion for attorneys' fees, which raised issues collateral to the main cause of action. *Id.* at 452, 102 S.Ct. at 1166.

The Supreme Court later applied *White* to a scenario in which a defendant attempted to file his notice of appeal within thirty days of the date he was awarded § 1988 attorneys' fees but more

than thirty days after a motion to dismiss was granted. *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). The Court held that a request for attorneys' fees under § 1988 did not seek reconsideration of matters encompassed in a decision on the merits. Thus, the time limit within which it must be filed runs from the date of the merits decision. *Id. See also Bernstein v. Menard*, 728 F.2d 252, 253 (4th Cir.1984) (similarly holding that judgment was final before defendant sought attorneys' fees and thus, an appeal filed after thirty days after judgment was untimely).

The Fourth Circuit relied upon the language in *White* and *Bernstein* to hold that a district court retains jurisdiction over a motion for attorneys' fees under Rule 11 even after a notice of appeal has been filed. *Langham–Hill Petroleum Inc., v. Southern Fuels Co.*, 813 F.2d 1327, 1330–31 (4th Cir.1987), *cert. denied*, 484 U.S. 829, 108 S.Ct. 99, 98 L.Ed.2d 60 (1987). *See also Masalosalo v. Stonewall Ins., Co.*, 718 F.2d 955, 957 (9th Cir. 1983) ("Th[e] discussion [in *White*] anticipated decision of attorneys' fees issues after an appeal on the merits has been taken.... The district court retained the power to award attorney's fees after the notice of appeal ... had been filed"). This Court finds that because *White* and *Bernstein* specifically dealt with motions for fees made pursuant to § 1988, the conclusion drawn in *Langham–Hill* that jurisdiction over a Rule 11 motion for fees remains with the district court even after a notice of appeal is filed, is even more

## I. PROCEDURAL BACKGROUND

On July 26, 1996, plaintiffs filed a complaint alleging racial discrimination in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000a, seeking $50,000.00 for each plaintiff. A jury trial began on March 17, 1997. The evidence showed that the plaintiffs were traveling to South Boston, Virginia on the evening of July 30, 1994 to attend a funeral the next day. At approximately 10:00 p.m., they arrived at the South Boston Super 8 Motel. Carolyn Carr, a black female, entered the motel lobby and requested two rooms for the night. She was told by the desk clerk, Betty Wingate, that no rooms were available. The plaintiffs then left the motel parking lot, which several plaintiffs testified was not full on the evening of July 30, 1994. After a brief period of driving had elapsed, Carolyn Carr told her husband, Charles Carr, to turn around and return to the motel.[3] Suspicious that the group might have been the victims of racial discrimination, Charles Carr asked Darla Owens, the only white individual in the group, to attempt to secure a room. When Ms. Owens entered the lobby and inquired as to the availability of rooms, she was told that rooms were available. All members of the group then secured lodging for the night. After returning home, Carolyn Carr attempted to correspond with the defendant to inquire about the incident but received no reply until the filing of this lawsuit.[4]

Defendant's evidence showed that in the time period that had elapsed between the departure of the group and their return to the motel, a wedding party had released a block of rooms that was being held for guests of the wedding. Those rooms then became available for rent when the plaintiffs returned. On March 19, 1997, a jury verdict was returned in favor of Defendant Super 8 Motel Developers, Inc.[5]

Defendants submitted a motion for attorneys' fees and costs, which was lodged on March 28, 1997, and filed April 7, 1997. Plaintiffs filed a motion with memorandum in support for reconsideration of judgment order awarding costs of action on April 1, 1997. Defendants responded on April 7, 1997 with their opposition to plaintiffs' motion for reconsideration of award of costs of action. Plaintiffs replied by adopting their April 1, 1997 response brief in a letter filed April 14, 1997. Accordingly, this matter is now ripe for judicial determination.

## II. LEGAL STANDARDS

[2, 3] Plaintiffs' case asserted claims under both 42 U.S.C. § 1981 and 42 U.S.C. § 2000a. However, plaintiffs sought only monetary damages. At the time of trial, the Court determined, and counsel agreed, that actions for damages are not directly authorized by 42 U.S.C. § 2000a. However, it is possible to sue for damages under 42 U.S.C. § 1981 for the denial of rights owing their existence to 42 U.S.C. § 2000a. *See Watson v. Fraternal Order of Eagles,* 915 F.2d 235 (6th Cir.1990). Thus, while the jury was instructed on the rights afforded by 42 U.S.C. § 2000a, the claim presented to the jury was brought solely under 42 U.S.C. § 1981. Accordingly, the standard for awarding attorneys' fees to claims brought under 42 U.S.C. § 1981, delineated in 42 U.S.C. § 1988, is the standard this Court uses to determine defendants' motion.

■ 42 U.S.C. § 1988 provides in relevant part:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, ..., or Title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

appropriately drawn with respect to a motion for fees made pursuant to § 1988. Accordingly, this Court retains jurisdiction over the pending motion.

3. Testimony varied as to the exact amount of time that had elapsed, ranging from fifteen to forty minutes, before plaintiffs returned to the motel.

4. It was not clear if the defendant ever received such correspondence.

5. At the close of plaintiffs' evidence, defendant Eastern Lodging Inc. moved for judgment as a matter of law because plaintiffs had failed to connect Eastern Lodging Inc. to Super 8 Motel. The Court granted this motion and dismissed Eastern Lodging, Inc. from the case.

42 U.S.C. § 1988. In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), the Supreme Court stated that prevailing defendants are entitled to attorneys' fees under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k), much less frequently than prevailing plaintiffs. In an effort to fulfill the legislative intent to provide incentives for private enforcement of the civil rights laws, defendants may recover attorneys' fees only if the district court finds "that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.*, at 421, 98 S.Ct. at 700. In *Hughes v. Rowe*, 449 U.S. 5, 15, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980), the Supreme Court adopted the same standard it had employed in Title VII cases for actions brought under 42 U.S.C. § 1983. *Id.* at 15, 101 S.Ct. at 178 ("Although arguably a different standard might be applied in a civil rights action under 42 U.S.C. § 1983, we can perceive no reason for applying a less stringent standard."). Since *Hughes*, the *Christiansburg* standard has been held applicable in numerous actions for attorneys' fees made pursuant to § 1988. *See Lotz Realty Co., Inc. v. U.S. Dep't of Hous. and Urban Dev.*, 717 F.2d 929, 931 (4th Cir.1983); *and Smith v. Smythe–Cramer Co.*, 754 F.2d 180, 182 (6th Cir.1985). Because a motion for attorneys' fees under § 1981 is brought pursuant to § 1988, this Court will apply the *Christiansburg* standard to defendants' pending motion.

### III. DISCUSSION

#### A. Attorneys' fees pursuant to Rule 68 of the Federal Rules of Civil Procedure

Defendants have filed a motion for attorneys' fees and costs pursuant to Rule 68 of the Federal Rules of Civil Procedure.[6] Defendants state that they offered to pay unto the plaintiffs an offer of judgment in the amount of $10,000.00, plaintiffs rejected the offer of judgment, and that a jury trial subse-

quently concluded in defendants' favor. Defendants argue that attorneys' fees must be awarded to a defendant when a final judgment is a result more favorable to the claimant than the offer. Defendants cite *Nabors v. Texas Co.*, 32 F.Supp. 91 (W.D.La.1940), to support an award of costs to the defendant because a verdict in favor of the defendants is "obviously less favorable than the Offer of Judgment." Defendants additionally cite *Mr. Hanger, Inc. v. Cut Rate Plastic Hangers, Inc.*, 63 F.R.D. 607 (E.D.N.Y.1974), to support its argument that the Court has no discretion in this matter and must therefore, award attorneys' fees and costs to the defendants. Plaintiffs did not respond to the issue of the existence or nonexistence of discretion over an award of fees.

Rule 68 provides that if a plaintiff rejects a defendant's formal settlement offer and if "the judgment finally obtained by the offeree is not more favorable than the offer," the plaintiff "must pay the costs incurred after the making of the offer." Fed.R.Civ. Proc. 68. In *Delta Air Lines, Inc. v. August*, the Supreme Court dealt with the precise question of whether Rule 68 applies to a judgment *against* the offeree as well as a judgment *in favor of* the offeree, and expressly held that it did not. 450 U.S. 346, 352–353, 101 S.Ct. 1146, 1149–50, 67 L.Ed.2d 287 (1981) ("It is clear that [Rule 68] applies only to offers made by the defendant and only to judgment obtained by the plaintiff. It therefore is simply inapplicable to this case because it was the defendant that obtained the judgment.") Accordingly, the Court finds no merit in defendants' argument that it lacks discretion in determining a motion for costs and attorneys' fees because Rule 68 is inapplicable to this case.

#### B. Attorneys' fees pursuant to 42 U.S.C. § 1988

An attorneys' fees award can only be made to prevailing defendants if the plaintiff's ac-

---

**6.** Rule 68 provides in relevant part:
  At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect

specified in the offer, with costs then accrued.... If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer....
Fed.R.Civ.Proc. 68.

tion was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Hughes,* 449 U.S. at 15, 101 S.Ct. at 178. Plaintiffs argue that their case was not frivolous because it "could have gone either way" and had "considerable merit." Such conclusory arguments provide little guidance to the Court. Similarly, defendants have not briefed the issue of frivolity. Defendants relied solely on a nondiscretionary award of fees made pursuant to Rule 68 and thus, do not present arguments as to the applicability of an award of fees within in the context of the standard codified in 42 U.S.C. § 1988, as articulated in *Christiansburg* and adopted by *Hughes.*

Despite inadequate briefing of the issues, the Court determines that it has sufficient information to determine the motion. The Court has examined the documents filed on behalf of the parties, but more important, has conducted the actual trial on the merits of plaintiffs' claims. The evidence developed at trial showed that the plaintiffs were denied accommodations at the South Boston Super 8 Motel when a black female member of the group attempted to secure rooms. When a white female member of the group returned a short while later and requested accommodations, rooms were available. Plaintiffs then attempted to obtain an explanation of the incident from Super 8 Motel but no explanation was ever given. While a nondiscriminatory explanation of the denial of accommodations developed at trial, the central issue in this case involved a question of intent—a question appropriately left to a jury.

Throughout the course of the litigation, the Court was presented with a number of dispositive motions concerning whether plaintiffs' claims should be presented to the jury. The Court found that enough evidence existed to deny the pretrial summary judgment motions, and a motion for judgment as a matter of law made during the conduct of trial. The Court finds no evidence that the plaintiffs' action was frivolous, unreasonable, or without foundation. Accordingly, the facts and circumstances of this case do not warrant an award of attorneys' fees and costs. Defendants' motion for attorneys' fees and costs is hereby **DENIED.**

## IV. CONCLUSION

Defendants' motion for attorneys' fees and costs is hereby **DENIED.**

The defendants are ADVISED that they may appeal from this final order by forwarding a written notice of appeal to the Clerk of the United States District Court, U.S. Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the clerk within thirty (30) days from the date of this order.

The clerk is **DIRECTED** to send a copy of this order to counsel for the plaintiffs and counsel for the defendants.

IT IS SO **ORDERED.**