On Application for Rehearing

THOMAS, Judge.
The opinion of March 23, 2012, is withdrawn, and the following is substituted therefor.
In March 2009, Deborah Habeb rented a room in a Motel 6 operated by Accor North America, Inc. (“Accor”). According to Habeb’s complaint, she was bitten by bedbugs and suffered welts on her skin as a result. She sued Accor in October 2010, alleging various theories of liability, including breach of the implied warranty of habitability; unjust enrichment or, in the alternative, assumpsit; premises liability; fraud in the inducement; promissory fraud; and “general simple and gross negligence.” Habeb also asserted a claim under the Alabama Deceptive Trade Practices Act, codified at Ala.Code 1975, § 8-19-1 et seq. (“the Act”); specifically, Ha-beb alleged that Accor had represented that its accommodations were habitable when it knew that the premises were infested with bedbugs and that such conduct amounted to an unlawful trade practice prohibited by the Act.
By letter dated April 1, 2011, Accor made an offer of judgment to Habeb pursuant to Rule 68, Ala. R. Civ. P. That offer of judgment read, in its entirety, as follows:
“Please accept this correspondence as an Offer of Judgment pursuant to Rule 68 of the Alabama Rules of Civil Procedure. The Defendant, Accor North America, offers to allow judgment to be taken against it by the Plaintiff, Debra [sic] Habeb, for the amount of $2,500.00, each party to bear its or her own costs.”
Habeb filed her notice of acceptance of the offer of judgment on April 7, 2011. In her notice of acceptance, which asked that the clerk enter judgment on the offer of judgment as required by Rule 68, Habeb further stated that she intended to file a motion for an award of attorney fees under Ala.Code 1975, § 8-19-10(a)(3), which requires a trial court to award reasonable attorney fees to a successful litigant under the Act.
On April 12, 2011, Accor filed a “motion to enforce settlement” with the trial court, in which it argued that the April 1, 2011, offer of judgment had not left open the amount of attorney fees and that the offer of judgment had, in fact, been intended to include any award of attorney fees to which Habeb might be entitled. Accor appeared to consider the language contained in the offer of judgment indicating that each party was to bear “its ... own costs” to mean that each party was to bear its own costs and its own attorney fees. In addition, Accor stated that the offer of judgment “was extended as a complete resolution of the claim. No offer was made for additional costs or fees, including attorney fees. Such offer included contemplation of the taxation of attorney’s fees as it was extended for the full and final resolution of this matter.” Accor further argued that Habeb was not entitled to attorney fees under the Act because, Accor contended, before attorney fees could be awarded under the Act, Ac-cor would have had to have been found liable for or would have had to have admitted liability for an unlawful trade practice; according to Accor, the offer of judgment had not admitted liability.
*1088 Habeb opposed Accor’s motion to enforce the settlement. In her opposition, Habeb relied on City of Birmingham v. Horn, 718 So.2d 694 (Ala.1998), which, she said, stands for the proposition that a trial court must award attorney fees after a judgment is entered on a Rule 68 offer of judgment that specifies that each party is to bear its own costs. She also contended in her opposition that a trial court has no role in a Rule 68 offer-of-judgment situation other than to enter judgment in accordance with an accepted offer of judgment.
After a hearing at which it heard arguments of counsel, and after considering the briefs and the pleadings filed by the parties, the trial court entered an order on August 24, 2011, denying Accor’s motion to enforce the settlement and denying Ha-beb’s request that a judgment be entered on the Rule 68 offer of judgment. The trial court concluded, as a matter of law, that “there was never mutual assent or a meeting of the minds between the parties [as to the] conditions and terms [upon which] this litigation would end.” The trial court distinguished Horn, rather appropriately, noting that the parties in Horn had not argued that the terms of the Rule 68 offer of judgment had included within the amount of the judgment an amount for attorney fees and thus that the issue had not been addressed by the Horn court.
After filing a motion to reconsider the trial court’s August 24, 2011, order, which the trial court denied, Habeb timely filed a petition seeking a writ of mandamus in the Alabama Supreme Court. That court determined that the petition fell within the jurisdiction of this court, see Ala.Code 1975, § 12-3-11, and transferred the petition to this court for consideration. Habeb seeks a writ of mandamus directing the trial court to enter a judgment on the Rule 68 offer of judgment consistent with its terms, which, she argues, permit her to seek attorney fees under the Act. Accor, however, argues that the trial court correctly concluded that the parties did not mutually assent to the offer of judgment and that Habeb’s petition should be denied.
As we have explained:
“ ‘ “[M]andamus is a drastic and extraordinary writ that will be issued only when there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Horton, 711 So.2d 979, 983 (Ala.1998).’ ”
Ex parte Builders & Contractors Ass’n of Mississippi Self-Insurer’s Fund, 980 So.2d 1003, 1006 (Ala.Civ.App.2007) (quoting Ex parte Alloy Wheels Int’l, Ltd., 882 So.2d 819, 821 (Ala.2003), overruled on other grounds by Ex parte DBI, Inc., 23 So.3d 635, 657 (Ala.2009)).
Rule 68 reads, in pertinent part:
“At any time more than fifteen (15) days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within ten (10) days after the service of the offer, the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the *1089 offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time, not less than ten (10) days, prior to the commencement of hearings to determine the amount or extent of liability.”
Under Alabama law, costs do not include attorney fees. Atkinson v. Long, 559 So.2d 55, 58 (Ala.Civ.App.1990). Thus, a reference to costs in a Rule 68 offer of judgment does not constitute a reference to attorney fees. The offer of judgment made by Accor, then, could not have referenced attorney fees by indicating that each party was to bear its own costs. However, this determination indicates only that the offer did not specifically include a reference that Habeb was to bear her own attorney fees.
As noted above, the trial court determined that the parties had not reached a meeting of the minds regarding the terms of the Rule 68 offer of judgment. Based on the arguments presented to the trial court, and to this court both in the parties’ respective filings and at oral argument, we agree with the trial court that the only conclusion that the trial court could have reached was that the parties each had a distinct and different understanding about whether the offered amount, $2,500, included an amount for attorney fees or whether the offer of judgment left the issue of attorney fees open for later decision by the trial court. Accor believed that its $2,500 offer included any and all damages and any attorney fees to which Habeb might have been entitled; that is, Accor thought that the offer was to completely resolve all issues and that the amount of $2,500 was to be its total liability to Habeb. Habeb, on the other hand, believed that Accor had admitted liability and damages in the amount of $2,500, which would then give rise to her ability to seek attorney fees under § 8-19-10(a)(3) as a prevailing party. This material disagreement between the parties clearly supports the trial court’s conclusion that the parties never had a meeting of the minds regarding the terms of the offer of judgment. Ex parte Indus. Techs., Inc., 707 So.2d 234, 238 (Ala.1997) (determining that a material disagreement between the parties over one portion of an agreement prevented a meeting of the minds on the issue).
The trial court’s conclusion is in keeping with Whitaker v. Associated Credit Services, Inc., 946 F.2d 1222 (6th Cir.1991), which our supreme court cited with approval in Auburn Engineers, Inc. v. Downtown Properties # 1, 675 So.2d 415, 417 (Ala.1996). In Whitaker, the United States Court of Appeals for the Sixth Circuit affirmed the federal district court’s decision setting aside a judgment entered on a Rule 68 offer of judgment. Whitaker, 946 F.2d at 1226. The Whitaker court approved of the federal district court’s determination that the parties to the Rule 68 offer of judgment had not come to a meeting of the minds regarding the terms of the offer of judgment and therefore that the acceptance was invalid and no enforceable contract was formed. Id.
Like the federal district court in Whitaker, the trial court in the present case concluded that the parties’ material disagreement over the terms of the offer of judgment precluded, as a matter of law, the formation of a binding contract. Our *1090 supreme court has indicated that general contract principles are applied to Rule 68 offers of judgment, see Auburn Eng’rs, 675 So.2d at 417, and the trial court’s conclusion is consistent with the application of the principles governing contract formation. See Ex parte Indus. Techs., 707 So.2d at 238. Accordingly, we conclude that Habeb has failed to demonstrate a clear legal right to the relief that she seeks, and we therefore deny the petition for the writ of mandamus.
APPLICATION OVERRULED; OPINION OF MARCH 23, 2012, WITHDRAWN; OPINION SUBSTITUTED; PETITION DENIED.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
MOORE, J., concurs in the result, without writing.